FILED
2020 Apr-23 AM 08:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **WILLIAM WALLACE,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) )  Civil Action No.: |
| **SOUTHERN TECHNICAL SOLUTIONS, INC.,** | ) ) ) ) |
| **Defendant.** | ) ) |

## COMPLAINT

Plaintiff, by his undersigned attorneys, alleges upon information, belief and knowledge, as follows:

1. This is an action on behalf of Plaintiff, William Wallace, formerly employed by Southern Technical Solutions, Inc., who is owed overtime compensation from the period beginning on or about March 21, 2017 through approximately March 7, 2020. During this period, by virtue of Southern Technical Solution, Inc.'s failure to pay overtime to the Plaintiff, Defendant has violated the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is founded in Section 216(b) of the FLSA and Sections 1331 and 1367 of Title 28 of the United States Judicial Code, 28 U.S.C. 1331, 1367.

3. The claims herein arise under Sections 207(a)(1), 215 and 216 of the FLSA. In connection with the acts and course of conduct alleged in this Complaint, the Plaintiff is engaged in commerce or in the production of goods for commerce. Furthermore, the Defendant is an employer who engages in commerce or in the production of goods for commerce.

4. Venue is proper in this District under Section 1391 of Title 28 of the United States Judicial Code because a substantial part of the acts and conduct charged herein occurred in this District.

## PARTIES

5. Plaintiff, William Wallace, is a citizen and resident of the State of Alabama. Wallace was an employee employed by Southern Technical Solutions, Inc. within the meaning of the FLSA.

6. Defendant, Southern Technical Solutions, Inc., is an Alabama corporation with its principal place of business in Madison, Alabama. Southern Technical Solutions, Inc. is an employer within the meaning of the FLSA.

## PLAINTIFF'S ALLEGATIONS

7. The Plaintiff brings this action pursuant to Section 216(b) of the FLSA on behalf of himself. The Plaintiff has been victimized by a pattern or policy which is in violation of the FLSA.

8. Plaintiff, William Wallace, was a full-time employee employed at Southern Technical Solutions, Inc. He was based at the location at Madison, Alabama. At all relevant times, the Plaintiff was performing the job functions and duties as an technician related to the installation of alarming systems primarily for lending institutions.

9. Plaintiff, William Wallace, has been paid on a salaried basis throughout his employment with Southern Technical Solutions, Inc. At all relevant times other than his final payment period, Wallace was paid a salary at an hourly rate of $36.06 per hour. In all respects, he was treated as an exempt salaried employee during all relevant times, when he, in fact, was not an exempt employee - said fact is evidenced by Defendants acknowledgment of the same with Plaintiff's final paycheck.

10. During his employment, Wallace was required to work in excess of forty (40) hours a week. Until his final pay period, Wallace was compensated for none of the overtime hours worked. Wallace worked an average of approximately One Thousand (1000) hours of overtime

per year (roughly 20 hours per week) for which he was not compensated. Wallace was always compensated at the regular salary rate, but was not compensated for any of the overtime hours worked (until the final pay period of his employment).

11. On numerous occasions, Wallace was required to work in excess of forty hours during a single work week for which he received no overtime compensation at all, only his basic salaried rate, or an amount less than the overtime compensation earned. During the business week, during Monday through Friday, Wallace worked a varying schedule, generally beginning between 6:30AM-7:30AM and ending the work day around 7:00-8:00PM or later, sometimes working late into the evening.

12. This illegal and wrongful pattern or practice on the part of Southern Technical Solutions, Inc. with regard to overtime compensation was, and is, in violation of the FLSA and was carried out by Southern Technical Solutions, Inc. by illegal, wrongful pattern or practice regarding overtime compensation policies for William Wallace.

13. At all times relevant to this Complaint, the Plaintiff was a non-exempt employee for purposes of overtime compensation.

## FIRST CLAIM FOR RELIEF
## FLSA, 29 U.S.C. §§ 207, 216(b)

14. Plaintiff incorporates herein by reference all of the allegations contained in this complaint.

15. Defendants' practice of failing to pay overtime compensation for all work in excess of forty (40) hours to non-exempt employees, including the Plaintiff, was in violation of the FLSA.

16. Plaintiff is entitled to an award of his unpaid overtime compensation (at the rate of one and one-half times his regular pay) for the time period commencing in March of 2017 through March of 2020.

WHEREFORE, Plaintiff prays for judgment against the Defendants for unpaid overtime for the time period encompassing the period of March 2017 until March of 2020, plus

prejudgment interest, compensatory damages, liquidated damages, attorneys' fees, and such other further relief as the Court may deem just and proper.

## SECOND CLAIM FOR RELIEF
## FLSA, 29 U.S.C. §§ 207, 216(b)

17. Plaintiff incorporates herein by reference all of the allegations contained in this complaint.

18. Defendants' practice of failing to pay overtime compensation for all or some work in excess of forty hours to non-exempt employee, William Wallace, was in violation of the FLSA.

19. Defendants' violations of the FLSA were done willfully. Defendants either knew or showed reckless disregard as to whether their conduct was prohibited by the FLSA – as evidenced by their final paycheck to Wallace.

20. Plaintiff is entitled to an award of his unpaid overtime compensation (at the rate of one and one-half times his regular pay) for the time period commencing in _March of 2017 through March 2020._

21. Additionally, Plaintiff is entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid overtime compensation, as well as prejudgment interest, attorneys' fees and costs, all to be determined at the trial.

WHEREFORE, Plaintiff prays for judgment against the Defendants for unpaid overtime for the time period encompassing _the period of March 2017 through March of 2020,_ plus prejudgment interest, compensatory damages, liquidated damages, attorneys' fees, and such other further relief as the Court may deem just and proper.

## JURY DEMAND

The Plaintiff hereby demands a jury for the trial of this cause.

_/s/ James E. Hill_
James E. Hill (ASB-2575-A46H)

**HILL, GOSSETT, KEMP & HUFFORD, PC**
2603 Moody Parkway, Suite 200
P. O. Box 310
Moody, Alabama 35004
P: (205) 640-2000
jhill@hhglawgroup.com

**SERVE DEFENDANT:**

Southern Technical Solutions, Inc.
c/o Scott Couch
103 Whitfield Dr.
Toney, AL 35773